226 A.2d 135.

GEORGE LAUDER *vs.* ZONING BOARD OF THE TOWN OF WESTERLY.

FEBRUARY 3, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of the town of Westerly granting a special exception for the construction of a "charitable recreation building" on a parcel of land located in the Watch Hill section of that town and zoned for residential uses. The writ issued, and pursuant thereto the pertinent records have been certified to this court.

It appears from the record that Rebekah W. Harkness, the owner of the premises under consideration, applied for the exception in order to use the southeasterly corner of the premises "for charitable recreation purposes of the Rebekah W. Harkness Foundation." The record discloses that the use would involve the erection of a building housing a stage, the size of which would be 32 feet by 48 feet. This would be made available for rehearsals by ballet students who are brought to Watch Hill by the Rebekah W. Harkness Foundation to study the ballet and "to associate with professionals of the dance, scene designers, choreographers, musicians and to study the history and literature of the dance. The stage will be used for private rehearsals by certain members of the ballet."

Section VI of the zoning ordinance confers authority upon the board of review to grant special exceptions in the following language: "The Zoning Board may, in a specific case and after a public hearing, authorize a permit for a use identified in Section III and elsewhere in this ordinance as a 'special exception'. Such proposed use must meet the following requirements: A. It will be compatible with neighboring uses. B. It will not create a nuisance in the neighborhood. C. It will not hinder the future development of the Town." One of the uses specified in Sec. III as a special exception is "Public or charitable recreation buildings," and it is this exception for which application was made.

In its decision the board disclosed that it made an inspection of the premises at Watch Hill, found expressly

that all of the conditions precedent to a grant of a special exception set out under Sec. VI had been met, and went on to grant the exception sought in the application. It made no specific finding, however, that the proposed structure housing the rehearsal stage would be a "charitable recreation building." The petitioner argues that because of this the action of the board in granting the exception was an abuse of its discretion. In *Davis* v. *Zoning Board of Review*, 93 R. I. 484, we held that where the record discloses that the application was made for a specific exception and that such exception was granted, implicit in the decision is a finding that the use was that contemplated in the ordinance. This being so in this case, we conclude that the board found that the proposed building was a "charitable recreation building."

The petitioner contends also that there is in the record no legally competent evidence upon which the board's conclusion that the stage is a "charitable recreation building" can reasonably rest. The ordinance does not define the phrase "charitable recreation building." The petitioner argues that where an ordinance does not define a term contained therein and that term has a well-settled meaning, it will be presumed that the term was used in that ordinary sense unless the statute expressly gives it some other connotation. The petitioner asserts that the rehearsal stage under consideration cannot be held to be a charitable recreation building as that term is commonly defined. In so arguing he relies on *Lescault* v. *Zoning Board of Review*, 91 R. I. 277. It is to be noted, however, that in that case the statute defined the phrase that was under consideration, and what this court said was that had it been intended to use the words in some other sense than the ordinary connotation, it should have been made clear in the statute. In the instant case no definition at all of the term "charitable recreation building" is stated.

It is our opinion that the rule to be applied in the instant case is that which was set out in *Davis* v. *Zoning Board of Review, supra.* In that case the ordinance provided for an exception applicable in "undeveloped sections" of the city but did not define the phrase "undeveloped sections." We held that such circumstances suggest a legislative intent to give the board of review a wide discretion in determining the sections of the city wherein the exception would have application. We, therefore, conclude that in the instant case, absent a definition of the pertinent phrase, the board was vested with a wide discretion to determine what type structure came within the concept of a "charitable recreation building" as used in the ordinance.

This discretion, however, is not without limitation, and an exercise thereof must rest upon some legally competent evidence establishing that the use for which the exception was sought is that which the legislature contemplated in authorizing the exception. The ordinance in the instant case reads: "Public or charitable recreation buildings." However wide the board's discretion, we are constrained to conclude that a rehearsal stage such as that here proposed is not a charitable recreation building within the contemplation of the ordinance providing for the instant exception.

It is our opinion that in providing for the instant exception the ordinance contemplates the erection of structures housing facilities that either make available recreational opportunities to the public in general under the control and management of a public agency or afford such recreational opportunities to portions of the public through the agency of some charitable organization. To establish compliance with the legislative intent in the instant case, it would be necessary to show that the facility for which the exception is sought would make available recreational facilities to the public in its entirety or on some rational basis to substantial segments of the public. We cannot agree

that the proposed rehearsal stage is a charitable recreation building within the terms of the ordinance.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered sent back to the respondent board.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for petitioner.

*Michael A. Santoro,* for respondent, *Harold B. Soloveitzik, Matthew L. Lewiss,* for Rebekah W. Harkness.